**XIAO MING WENG, a.k.a. Sha Min Weng, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–4705–ag.

United States Court of Appeals, Second Circuit.

July 3, 2007.

**666**

John Z. Zhang, New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Allan B.K. Urgent, Assistant United States Attorney, Newark, NJ, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. RICHARD C. WESLEY, Circuit Judges.

*SUMMARY ORDER*

Xiao Ming Weng, a citizen of the People's Republic of China, seeks review of a September 20, 2006 order of the BIA affirming the December 15, 2004 decision of Immigration Judge ("IJ") William P. Van Wyke denying Weng's applications or asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Ming Weng,* No. A77 297 596 (B.I.A. Sept. 20, 2006), *aff'g* No. A77 297 596 (Immig. Ct. N.Y. City Dec. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Although we find that the IJ's decision was not without error, we conclude that the adverse credibility determination is supported by substantial evidence. For example, the IJ permissibly determined that Weng provided inconsistent state-

ments with respect to his underlying claim for relief. In his application and during the hearing, Weng claimed that he left China because his girlfriend was forced to have an abortion when she was two-months pregnant. However, when questioned by immigration officials during his airport interview, Weng indicated that he had a girlfriend who was five-months pregnant. The record of the airport interview is sufficiently reliable in this case to form a proper basis for an adverse credibility finding. See Ramsameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004). Moreover, this substantial inconsistency was brought to Weng's attention during the hearing and he failed to provide any explanation for it. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005); see also Secaida–Rosales v. INS, 331 F.3d 297, 308–09 (2d Cir.2003) (finding that a discrepancy must be "substantial" when measured against the record as a whole).

Likewise, the IJ reasonably considered Weng's demeanor during his testimony and concluded that, because there were "long periods of hesitation" and that he was "stumbling" at times during his testimony, it appeared that Weng "was making things up as he went along." See Zhou Yun Zhang, 386 F.3d at 73 (stating that a fact-finder who assesses testimony together with demeanor is in the best position to discern more accurately the impression conveyed by the witness).

Although we disagree on this record that Weng's testimony was so vague as to support an adverse credibility finding, see Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 152 (2d Cir.2003), we find that the IJ's

adverse credibility determination was supported by the record as a whole. The factors that the IJ permissibly relied upon were central to Weng's claim of persecution, and we can confidently predict that the IJ would reach the same decision on remand, even absent any grounds improperly relied upon. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 338–39 (2d Cir.2006). Because the IJ correctly determined that Weng was not credible and therefore did not meet his burden of proof for asylum, it necessarily follows that denial of withholding of removal was correct. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).[1]

Finally, because Weng does not meaningfully argue his CAT claim in his brief to this Court, that claim is deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.

---

1. Because we conclude that the agency's adverse credibility finding is supported by substantial evidence, we do not reach the question of whether Weng could pursue an asylum claim based on the allegation that his girlfriend was forced to have an abortion. See Matter of S–L–L–, 24 I. & N. Dec. 1 (BIA 2006).